Mr. Oscar Stilley Attorney at Law 5111 Rogers Avenue Central Mall Plaza, Suite 516 Fort Smith, Arkansas 72903
Dear Mr. Stilley:
This is in response to your request, pursuant to A.C.A. § 7-9-107, for certification of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) AN AMENDMENT TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF CITIZEN INITIATIVES FROM THE BALLOT FOR ANY REASON EXCEPT FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE REQUIRED TIME FRAME, AND TO GUARANTEE REASONABLE ACCESS TO POLLING PLACES FOR PURPOSES OF POLITICAL ADVOCACY
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF INITIATED CONSTITUTIONAL AMENDMENTS, OR INITIATED LAWS OR ORDINANCES, EXCEPT FOR THE FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE LEGALLY SPECIFIED TIME PERIOD; PROVIDING THAT THE JUDICIARY MAY REFORM MANIFESTLY ERRONEOUS POPULAR NAME AND BALLOT TITLE LANGUAGE IF SUCH REFORMATION CAN BE EFFECTUATED IN TIME SO AS NOT TO DELAY THE VOTE ON THE ISSUE; PROVIDING THAT THIS AMENDMENT SHALL NOT PREVENT CONSTITUTIONAL CHALLENGES, OR CLAIMS OF VIOLATION OF SUPERIOR LAW BY THE INITIATED AMENDMENT, ACT, OR ORDINANCE, SUBSEQUENT TO THE PASSAGE OF THE AMENDMENT, LAW, OR ORDINANCE BY THE QUALIFIED ELECTORS; GUARANTEEING THE RIGHT TO PEACEFULLY SOLICIT SIGNATURES OR ADVOCATE FOR OR AGAINST ISSUES OR CANDIDATES, ON ELECTION DAY NEAR POLLING PLACES; PROVIDING THAT THE STATE MAY MAKE AND ENFORCE A REASONABLE DISTANCE LIMITATION ON POLITICAL ACTIVITIES NEAR POLLING PLACES, NOT TO EXCEED 25 FEET FROM THE DOOR OF THE ROOM IN WHICH THE POLLING BOOTHS ARE LOCATED; PROVIDING THAT NOTHING IN THIS AMENDMENT SHALL BE CONSTRUED TO PREVENT THE LEGISLATURE FROM PROHIBITING AND PUNISHING DISORDERLY CONDUCT, FRAUD, HARASSMENT OF VOTERS WHO EXPRESS A WISH TO BE LEFT ALONE, OR OTHER VIOLATIONS OF THE RIGHTS OF THE ELECTORS; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE CITIZEN ACTIVIST, FOR SEVERABILITY, GENERAL REPEALER OF CONFLICTING LAWS; PROVIDING THAT THE AMENDMENT SHALL BE SELF EXECUTING AND EFFECTIVE IMMEDIATELY; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
It is my opinion, applying these precepts, that one change in the popular name and minor changes in the ballot title are necessary to make them more complete, impartial, and to reflect the changes proposed to current law. Your submitted popular name and ballot title are therefore rejected and the following substituted therefor:
 (Popular Name) AN AMENDMENT TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF CITIZEN INITIATIVES FROM THE BALLOT FOR ANY REASON EXCEPT FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE REQUIRED TIME FRAME, AND TO GUARANTEE ACCESS TO POLLING PLACES FOR PURPOSES OF POLITICAL ADVOCACY
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF INITIATED CONSTITUTIONAL AMENDMENTS, OR INITIATED LAWS OR ORDINANCES WHERE THE SPONSORS HAVE USED A BALLOT TITLE APPROVED BY THE ATTORNEY GENERAL OR OTHER DESIGNATED OFFICIAL, EXCEPT FOR THE FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE LEGALLY SPECIFIED TIME PERIOD; PROVIDING THAT THE JUDICIARY MAY REFORM MANIFESTLY ERRONEOUS POPULAR NAME AND BALLOT TITLE LANGUAGE IF SUCH REFORMATION CAN BE EFFECTUATED IN TIME SO AS NOT TO DELAY THE VOTE ON THE ISSUE; PROVIDING THAT THIS AMENDMENT SHALL NOT PREVENT CONSTITUTIONAL CHALLENGES, OR CLAIMS OF VIOLATION OF SUPERIOR LAW BY THE INITIATED AMENDMENT, ACT, OR ORDINANCE, SUBSEQUENT TO THE PASSAGE OF THE AMENDMENT, LAW, OR ORDINANCE BY THE QUALIFIED ELECTORS; GUARANTEEING THE RIGHT TO PEACEFULLY SOLICIT SIGNATURES OR ADVOCATE FOR OR AGAINST ISSUES OR CANDIDATES ON ELECTION DAY NEAR POLLING PLACES; PROVIDING THAT THE STATE MAY MAKE AND ENFORCE A REASONABLE DISTANCE LIMITATION ON POLITICAL ACTIVITIES NEAR POLLING PLACES, NOT TO EXCEED 25 FEET FROM THE DOOR OF THE ROOM IN WHICH THE POLLING BOOTHS ARE LOCATED (WHICH WOULD CHANGE THE CURRENT 100 FOOT LIMITATION); PROVIDING THAT NOTHING IN THIS AMENDMENT SHALL BE CONSTRUED TO PREVENT THE LEGISLATURE FROM PROHIBITING AND PUNISHING DISORDERLY CONDUCT, FRAUD, HARASSMENT OF VOTERS WHO EXPRESS A WISH TO BE LEFT ALONE, OR OTHER VIOLATIONS OF THE RIGHTS OF THE ELECTORS; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE CITIZEN ACTIVIST, FOR SEVERABILITY, GENERAL REPEALER OF CONFLICTING LAWS; PROVIDING THAT THE AMENDMENT SHALL BE SELF EXECUTING AND EFFECTIVE IMMEDIATELY; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB/cyh